**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1290
_____

IN RE: ALABAMA AIRCRAFT INDUSTRIES, INC., et al.,
Debtors
_____

THE BOEING COMPANY,

Appellant

v.

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:11-cv-01003)
District Judge:  Hon. Joseph E. Irenas
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 21, 2012

BEFORE:  McKEE, *Chief Judge*, and SLOVITER, VANASKIE, *Circuit Judges*.

(Opinion Filed:  March 5, 2013)

_____

OPINION
_____

McKee, *Chief Judge*.

The Boeing Company ("Boeing") appeals an order of the District Court affirming the Bankruptcy Court's judgment approving the vesting of certain causes of action belonging to Alabama Aircraft Industries, Inc. ("AAII"), in a litigation trust whose proceeds benefit both AAII and Kaiser Aircraft Industries, Inc. ("Kaiser"), a third-party acquirer. For the reasons set forth below, we will dismiss the appeal as moot.

I.

As we write primarily for the parties, it is unnecessary to provide the factual or procedural history of this litigation except insofar as it helps our discussion.[1]

Boeing appealed the Bankruptcy Court's judgment to the District Court, and Kaiser moved to dismiss Boeing's appeal, claiming it was moot under 11 U.S.C. § 363(m). That provision of the Bankruptcy Code protects a sale if bankruptcy estate property has been sold to a good faith purchaser and the party seeking reversal has failed to obtain a stay. On January 17, 2012, the District Court entered an order ruling in favor of Kaiser and the Debtors. *See In re Alabama Aircraft Indus.*, 464 B.R. 120, 123-26 (D. Del. 2012). This appeal followed.

---

[1] The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157 and 1134. The District Court had subject matter jurisdiction over Boeing's appeal of the Bankruptcy Court's order under 28 U.S.C. § 158(a). We have jurisdiction over Boeing's appeal from the District Court's order pursuant to 28 U.S.C. §§ 158(d) and 1291. Our review of the legal conclusions of both the Bankruptcy Court and the District Court is plenary. *In re Heritage Highgate, Inc.*, 679 F.3d 132, 139 (3d Cir. 2012). We review the District Court's findings of fact for clear error. *In re Marvel Entm't Grp., Inc.,* 140 F.3d 463, 470 (3d Cir. 1998).

II.

Section 363(b)(1) of the Bankruptcy Code provides that the "trustee, after notice and a hearing, may . . . sell . . . other than in the ordinary course of business, property of the estate." Section 363(m) then provides that "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale . . . of property does not affect the validity of a sale . . . under such authorization to an entity that purchased or leased such property in good faith . . . unless such authorization and such sale . . . were stayed pending appeal."

We have held that an appeal of the denial of a challenge of a sale of estate property may be dismissed as moot if (1) the sale was not stayed pending appeal, and (2) reversal or modification of the Bankruptcy Court's authorization would affect the validity of the sale. *See Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 499 (3d Cir. 1998).

Here, Boeing failed to move for a stay of the sale after its oral request for a stay was denied in the District Court. Boeing also failed to move for a stay of the formation of the Trust in either the District Court or this court. Accordingly, the appeal should be dismissed as moot if reversal or modification of the Bankruptcy Court's sale order would "affect the validity of the sale."[2] *Id.*

---

[2] Boeing contends that the Trust's creation is not a "sale" that would benefit from § 363(m) protection and relies primarily on the fact that the Bankruptcy Court's order described it as a "fair and appropriate *use*" of estate property. J.A. at 422 (emphasis added). However, even if the Bankruptcy Court at some point referred to the Trust as a "use" instead of a "sale," it is demonstrably clear that the Court intended the Trust be entitled to protection from appeal under § 363(m). Most notably, the Bankruptcy Court's

3

In considering whether reversal or modification would affect the validity of a sale, courts must look to the remedies sought and assess whether these would impact the terms of the bargain struck by the buyer and seller. *See id.* A challenge to an authorized transaction will necessarily impact that transaction's validity if it seeks to affect "the validity of a central element," such as the sale price. *Pittsburgh Food & Beverage v. Ranallo*, 112 F.3d 645, 649 (3d Cir. 1997).

In the present case, Boeing asks us to either reverse the vesting of the causes of action in the Trust or, in the alternative, to vacate the Bankruptcy Court's ruling so that the question of whether it was proper to create the Trust can be litigated anew at a later date. We agree with the District Court's conclusion that either of these remedies would inevitably undermine the validity of the sale. It is clear that the value of the assets that Kaiser purchased would be affected if the contract terms that Boeing challenges – i.e., those that entitle Kaiser to 90% of proceeds obtained from causes of action vested into the Trust – are either excised from the APA or burdened with the threat of further litigation. Accordingly, Boeing's appeal is moot.[3]

---

order included language stating that "the establishment of the Litigation Trust, and the vesting of the Trust Causes of Action in the Litigation Trust shall be protected by Section 363(m) of the Bankruptcy Code in the event that this Order is reversed or modified on appeal." J.A. at 185. This language reiterates what the Bankruptcy Court had already communicated to the parties during the September 1, 2011 hearing and clears any doubt regarding the Court's intention to protect the creation of the Trust under § 363(m).

[3] Boeing also claims that Kaiser and the Debtors should not benefit from § 363(m) protection because, according to Boeing, they argued that the Trust's creation was *not* a "sale" at the Bankruptcy Court only to switch positions before the District Court. Boeing's argument is grounded on estoppel principles. This court has recognized that judicial estoppel is properly reserved for particularly egregious litigation practices. *See Chao v. Roy's Constr., Inc.*, 517 F.3d 180, 186 n.5 (3d Cir. 2008) ("[J]udicial estoppel is

4

III.

For the reasons set forth above, we will dismiss the appeal as moot.

---

an extreme remedy, to be used only 'when the inconsistent positions are tantamount to a knowing misrepresentation to or even fraud on the court.'" (quoting *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 324 (3d Cir. 2003)). We do not believe that Kaiser's characterizations to this court or to the courts below rise to this level and find Boeing's estoppel argument unavailing.